UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LARKIN M. SULLIVAN

    PLAINTIFF,

VS.                            CASE No.:

UNITED HEALTHCARE INSURANCE COMPANY,

    DEFENDANT

_____/

## COMPLAINT

COMES NOW, PLAINTIFF, Larkin M. Sullivan, (hereinafter "PLAINTIFF" or "Mr. Sullivan"), by and through his undersigned attorney, and sues DEFENDANT, UNITED HEALTH CARE INSURANCE COMPANY, (hereinafter "UNITEDHEALTHCARE" or "DEFENDANT"), and alleges:

### I. PARTIES, JURISDICTION, AND VENUE

1. This is an action under the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001 et seq.

2. PLAINTIFF alleges that his claim "relates to" an "employee welfare benefit plan," as defined by ERISA, 29 U.S.C. § 1002(1) and that the subject disability plan constitutes a plan under ERISA. Therefore, PLAINTIFF alleges that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §1132(e).

3. Venue is proper within the Middle District of Florida pursuant to 29 U.S.C. § 1132(e)(2), because such action may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.

4. By virtue of his employment with BAKER'S BAY (hereinafter "EMPLOYER"), PLAINTIFF was a "participant" in the Group Long Term Disability Insurance Program, a component the Baker's Bay Health and Welfare Plan, as defined by ERISA, 29 U.S.C. § 1002(7). A copy of the Plan Documents and Summary Plan Description ("SPD") for the Baker's Bay Health and Welfare Plan ("The Plan") is attached hereto and incorporated herein as **Exhibit "A."**

5. Upon information and belief, PLAINTIFF's receipt of benefits from The Plan also entitles him to participate in various welfare benefit plans (hereinafter "Welfare Benefit Plans"), including waiver of premium of life insurance (LWOP) coverage, sponsored by EMPLOYER.

6. Upon information and belief, The Plan is funded by a group insurance contract, Policy Number: 305361, issued by UNITEDHEALTHCARE to Baker's Bay Services, LLC. A copy of the Group Basic Life, Accidental Death and Dismemberment, and Long-Term Disability Certificate of Coverage For Baker's Bay Services, LLC is attached hereto and incorporated herein as **Exhibit "B."**

7. UNITEDHEALTHCARE administers, insures, and serves as fiduciary with respect to the Group Long Term Disability Insurance Program referenced in this complaint.

8. UNITEDHEALTHCARE is a foreign, for-profit corporation doing business in Florida, with legal offices at 185 Asylum Street, Hartford, CT 06103.

9. UNITEDHEALTHCARE may be served with process, through their registered agent, Chief Financial Officer, 200 E. Gaines Street, Tallahassee, FL 32399.

10. PLAINTIFF has satisfied all conditions precedent to be afforded coverage under The Plan and has exhausted all administrative remedies afforded under The Plan.

## II. FACTUAL ALLEGATIONS

11. At all times material to this action there was in full force and effect a group long-term disability (LTD) policy constituting a binding contract of insurance which covered PLAINTIFF.

12. The policy provides in part:

"The Covered Person is Disabled or has a Disability when We determine that:
1. he is not Actively at Work and is unable to perform some or all of the Material and Substantial Duties of his Regular Occupation due to his Sickness or Injury; and
 2. he has a 20% or more loss in Indexed Pre-Disability Monthly Earnings due solely to the same Sickness or Injury; and
 3. he is under the Regular Care of a Physician.

After 24 months of payments, the Covered Person is Disabled when We determine that due to the same Sickness or Injury, he is unable to perform some or all of the material and substantial duties of any Gainful Occupation for which he is reasonably fitted by education, training or experience and he continues to suffer a 40% or more loss in his Indexed Pre-Disability Monthly Earnings due solely to the Sickness or Injury."

13. Mr. Sullivan last worked as Director of Landscape Installation, at Baker's Bay Golf & Ocean Club, Great Guana Cay, Abaco, Bahamas with monthly earnings of $13,196.01.

14. His material and substantial duties included managing all landscape installations and related processes along with daily estate maintenance; manage, supervise, schedule, and educate the Baker's Bay Landscape Special Projects staff, both installations and maintenance; hardscape, irrigation, lighting, grading plantings etc., among other duties.

15. The material and substantial duties required Mr. Sullivan to occasionally lift plants weighing 50lb, mulch weighing 120lbs, fertilizer weighing 50lbs, and watering >1lbs; operate motor vehicle; constantly handle hand control, be exposed to heat and fumes; and deal with a high stress load without losing composure, with 20% of his work setting inside and 80% outside.

16. PLAINTIFF last worked on June 10, 2022, due to his medical conditions more fully delineated in the claim file and filed a claim for benefits under The Plan.

17. DEFENDANT accepted his claim and, after the 90-day elimination period, paid LTD benefits from September 11, 2022, through November 10, 2023, based on his inability to perform the duties of his own occupation.

18. DEFENDANT conducted a review and determined that PLAINTINFF was no longer disabled from performing the duties of his Regular Occupation and terminated his claim including LWOP benefits.

19. In its termination letter DEFENDANT advised PLAINTIFF "We will review your letter and accompanying information with the other information in your file and will notify you of the appeal determination within 45-days of receipt of your request unless special circumstances require an extension of that time. If there are special circumstances, we will notify you in writing and request any additional information that is required, and of the revised timeframes for our decision."

20. PLAINTIFF, through counsel, submitted a pre-litigation appeal of the termination of his benefits, by US Mail on May 6, 2024.

21. In support of his appeal, PLAINTIFF provided numerous exhibits documenting his condition, including medical records from his various medical providers, medical literature, and a vocational evaluation report, showing that DEFENDANT misclassified his occupation.

22. The USPS Tracking showed that the appeal was delivered to the designated address on May 8, 2024, and received by DEFENDANT on May 9, 2024. A copy of the USPS Tracking Slip is attached hereto and incorporated herein as **Exhibit "C."**

23. On May 22, 2024, the undersigned received DEFENDANT's letter acknowledging receipt of PLAINTIF's appeal advising that it anticipated a decision within 60 days but in no instance longer than 120 days. A copy of DEFENDANT's letter dated May 14, 2024, is attached hereto and incorporated herein as **Exhibit "D."**

24. PLAINTIFF through counsel immediately notified DEFENDANT that ERISA regulations require Plan benefit determination no later than 45 days for disability claim unless an extension is required. A copy of PLAINTIFF's letter dated May 22, 2024, with fax confirmation page is attached hereto and incorporated herein as **Exhibit "E."**

25. The Employee Retirement Income Security Act of 1974 (ERISA) and 29 CFR 2560.503-1(i)(3)(i) require that a plan administrator notify the claimant of the plan's benefit determination on review no later than 45 days after receipt of claimant's appeal letter, unless there are special circumstances that require an extension. The plan administrator must indicate the special circumstances that require an extension of time.

26. DEFENDANT's 45-day deadline to render a decision on PLAINTIFF'S appeal fell on June 23, 2024.

27. Failing to receive a decision on appeal or a request for an extension, PLAINTIFF through counsel contacted DEFENDANT by telephone and inquired of the status of the appeal.

28. DEFENDANT acknowledged receipt of PLAINTIFF's appeal and advised that the appeal was still under review.

29. Thereafter PLAINTIFF through counsel notified DEFENDANT that the deadline to render a decision had passed and no request for extension was made prior to the deadline. A copy of PLAINTIFF's Notice of ERISA Violation letter

dated June 26, 2024, with email confirmation, is attached hereto, and incorporated herein as **Exhibit "F."**

30. Thereafter, by letter dated June 28, 2024, received on July 8, 2024, DEFENDANT advised that it received PLAINTIFF's appeal on May 10, 2024, and that a 45-day extension was required to evaluate the available information in PLAINTIFF's claim which may include review by their medical and vocational departments, if appropriate. A copy of DEFENDANT's letter dated June 28, 2024, is attached hereto, and incorporated herein as **Exhibit "G."**

31. PLAINTIFF again notified DEFENDANT that it was in violation of ERISA Regulations, that a medical or vocational review was not a special circumstance to justify an extension, and that the request came after the 45-day to render a decision had expired. A copy of PLAINTIFF's letter dated July 8, 2024, is attached hereto, and incorporated herein as **Exhibit "H."**

32. The DEFENDANT ignored PLAINTIFF's letter advising that it was in violation of ERISA Regulations by not making a benefit determination timely.

33. DEFENDANT has failed to adjudicate PLAINTIFF's LTD appeal.

34. PLAINTIFF's appeal is deemed denied by DEFENDANT's failure to render a timely decision under ERISA Regulations.

35. PLAINTIFF exhausted his remedies under ERISA, by operation of law.

36. Despite PLAINTIFF's entitlement to disability benefits and LWOP coverage under the terms of The Plan, DEFENDANT improperly terminated his benefits in contravention of The Plan and PLAINTIFF's rights under ERISA.

37. Upon information and belief, during the period relevant to this lawsuit DEFENDANT exercised discretionary authority with respect to the claim.

38. DEFENDANT's determination that PLAINTIFF is not disabled is contrary to the terms of The Plan, contrary to the medical evidence, unreasonable, and an abuse of discretion.

39. DEFENDANT engaged in a selective review of the records to justify its decision to terminate PLAINTIFF's claim for LTD benefits and failed to adjudicate his appeal.

40. During the relevant time, DEFENDANT administered, investigated, and determined whether participants were entitled to long-term disability benefits and Life Waiver of Premium benefits under The Plan.

41. Upon information and belief, DEFENDANT alone makes all decisions to approve or decline LWOP coverage and pay or decline LTD benefits; and DEFENDANT is the insurer and the payer of the LTD benefits and life insurance benefits from its own funds.

42. At all times material, DEFENDANT operated under an inherent structural conflict of interest because of the DEFENDANT's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

43. The interests of DEFENDANT and PLAINTIFF are in direct conflict, which impaired its fiduciary obligation to provide PLAINTIFF with a full and fair review of his LWOP and disability claims.

44. The decision to terminate the LTD claim and LWOP coverage is to be given no deference as a direct result of DEFENDANT's conflict of interest and its failure to comply with statutory and regulatory provisions.

45. Among other ways that DEFENDANT was influenced by its conflict of interest was by retaining and relying on medical review of biased medical providers.

46. PLAINTIFF alleges upon information and belief, that the provider retained by the administrators may have an incentive to make a finding of "not disabled" in order to save their employers money and to preserve their own consulting arrangements.

47. DEFENDANT breached its duty to PLAINTIFF by failing to provide benefits to which he is entitled under the terms of The Plan.

48. As a result of the DEFENDANT's wrongful conduct, PLAINTIFF has been damaged in an amount equal to the amount of benefits he would have received had his claim not been terminated.

49. PLAINTIFF's damages also include the measure of benefits he is otherwise entitled to receive under the terms of the Welfare Benefit Plans.

50. PLAINTIFF has been compelled to retain the services of attorneys to enforce his rights and is entitled to have compensation for their services.

## III. CLAIM FOR RELIEF
## RECOVERY OF PLAN BENEFITS, 29 USC §1132(a)(1)(B)

51. PLAINTIFF incorporates paragraphs 1 through 50 as if stated in full herein.

52. PLAINTIFF requests that this Court review the termination of benefits in this case and declare that he is entitled to all benefits under The Plan, including payment of all back benefits with interest.

53. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. § 1132(a)(1)(B).

54. Because DEFENDANT failed to adjudicate the pre-litigation appeal by the regulatory deadline, PLAINTIFF is entitled to have the District Court review this matter without any deference to DEFENDANT's decision to terminate benefits.

55. PLAINTIFF is entitled to *de novo* review.

56. PLAINTIFF is entitled to Long-Term Disability and LWOP benefits because:

   (a) The benefits are permitted under The Plan.

   (b) PLAINTIFF has satisfied all conditions to be eligible to receive the benefits.

   (c) PLAINTIFF has not waived or otherwise relinquished his entitlement to the benefits.

57. Pursuant to 29 U.S.C. § 1132(a)(1)(B), PLAINTIFF is a Plan Participant, and is entitled to sue for a judicial determination and enforcement of benefits.

58. DEFENDANT improperly terminated PLAINTIFF's disability benefits to which he is entitled and failed to adjudicate his appeal for benefits in contravention of THE PLAN and ERISA.

59. Pursuant to ERISA 503(g) 29 U.S.C. § 1132(g), PLAINTIFF is entitled to an award of reasonable attorney's fees and costs incurred in an action brought under ERISA.

60. PLAINTIFF has been required to obtain an attorney to represent him in this matter who has agreed to a reasonable attorney's fee as compensation for these services.

**WHEREFORE,** PLAINTIFF, LARKIN SULLIVN, requests the entry of Judgment against the DEFENDANT, UNITEDHEALTHCARE, for damages, including but not limited to:

(a) Award of benefits in the amount not paid to PLAINTIFF retroactive back to the date that they were wrongfully terminated by DEFENDANT, together with interest thereon at the legal rate on each monthly payment, from the date it became due until the date it is paid.

(b) Payment of Long-Term Disability benefits going forward and reinstatement of LWOP benefits in accordance with The Plan.

(c)      Award of attorney's fees pursuant to 29 U.S.C. § 1132(g)(1) and costs incurred in bringing this action; and

(d)      For such other and further relief as the Court deems equitable, just and proper.

July 12, 2024

/s/ Claudeth J. Henry
Claudeth J. Henry, Esq.
Florida Bar No. 0964964
CJ HENRY LAW FIRM, PLLC
2303 East Fort King Street
Ocala, FL 34471
Tel: 352/304-5300
Fax: 352/304-6072
Claudeth@cjhenrylaw.com
Attorney for Plaintiff, *Larkin Sullivan*